MATILDA OPENSHAW, AND ANOTHER, RESPONDENT,
*v.* UTAH & NEVADA RAILWAY COMPANY,
APPELLANTS.

In this cause the opinion, if ever delivered, cannot be found, nor was any record of it ever made. The facts of the case are as follows: The respondents brought the action to recover damages for the death of William Openshaw, alleged to have been negligently killed by the appellant, May 25th, 1887, by reason of a car alleged to have been negligently and unsafely loaded with lumber and timber and by reason of the jarring of the car in motion, and on account of the rough and defective condition of the track of appellant, the lumber and timber were alleged to have been thrown from the car and William Openshaw, who was a brakeman, was alleged to have been killed by a timber striking him. The evidence showed that the deceased, the brakeman, and one Hunter, the conductor of the train, loaded the car with lumber together and then started together with the train and that the accident happened as alleged. The evidence tended to show negligence in the conductor in loading the car. The defendant below offered in evidence certain rules of the defendant.

" 16. Every person accepting a position with this Railway, its branches or operated lines, does so with the full knowledge of the perils incident to the operation of railways, and agrees to exercise due care in the performance of his duties, to prevent accident to himself or others, and before using them to see that the machinery or tools which he is to use are in a safe condition to perform the services required. Employes are not expected to incur any risk of injury which they can avoid by the exercise of judgment and personal care.

" 17. The compensation paid to employes is understood to

include all risk of personal injury from whatever cause. Any amount that may be allowed to persons injured, or to the families of those killed in the service, will be a gratuity on the part of the Company.

"18. Conductors, brakemen, yardmen and other employes are warned not to catch on to the front or rear end of the engine as it approaches them, or to jump on or off trains or engines moving at a high rate of speed, or to get between cars in motion to uncouple them, or to follow other dangerous practices.

"19. Yardmen, trainmen and other employes are directed to report to the Superintendent any defects in tracks, machinery or appliances of the road, liable to cause accident.

"20. Conductors, brakemen, yardmen and other employes must not remove any of the appliances of the engine or cars, for the sake of convenience in doing switching, thereby endangering those who are required to make couplings. Drawheads, drawbars and coupling apparatus must be examined before coupling is made, and if there is anything about the engine or car that is dangerous to the party making the coupling, he will not make it, but report the fact to the Superintendent.

"21. Conductors, brakemen, yardmen and other employes required to make couplings, will not attempt to make a coupling if the car or engine is moving faster than a man ordinarily walks. Coupling by hand is prohibited. Each yardmaster, brakeman, switchman or other employe who may be expected to couple cars, must provide himself with a stick or proper instrument for raising or guiding the link. In coupling the Miller hook with other styles of drawbars, first insert the link in the hook, using pin chained to Miller platform.

"22. Engineers must exercise great care in handling their engines while yardmen and others are making couplings, and give close attention to signals. Conductors and yardmen must report to the Superintendent any engineer who fails to obey this order."

Rule 17 was excluded as attempting to give an exemption to the company; Rule 16 as simply expressing

the legal duty of any employee, to wit: To exercise due care; and the remaining rules as immaterial.

The Court below allowed, over defendant's objection, a witness to testify as to what Hunter, the conductor, said at the time of loading the lumber and about being in a hurry to get away, and another witness over defendant's objection to testify as to the character of the deceased as being a temperate, industrious, respectable, smart, active man.    The defendant requested the court to give the following instructions:

"1. A master is not liable for an injury to a servant where the injury complained of happened through the negligence of a fellow servant engaged in the same common employment.

"If in this case the jury find from the evidence that the accident causing the death of the deceased, William Openshaw, resulting from the negligence of James Hunter, in not properly loading the said lumber and timber mentioned in the complaint, then your verdict should be for the defendant, for the reason that the said Hunter, while in the performance of the said labor, was a fellow-servant of the deceased."

"2. In this action, the measure of damages is not the loss or suffering of the deceased, but the injury resulting from his death to the plaintiffs; in other words, the object of the statute allowing the action to be maintained is compensation for the pecuniary loss suffered by the plaintiffs on account of the death of William Openshaw, and the sympathy, distress, loss of association or injured feelings of the plaintiffs, or other relations, are not to be taken into consideration in fixing the amount of damages.    The damage is the sum which the deceased would probably have received from his labor or business during his life for the benefit of these plaintiffs, taking into consideration, the age, habits, industry, ability and manner of life of the deceased, and also the reasonable and probable expenditures he would have made for him-self individually."

These instructions were refused except so far as given in the charge.

The following is the whole charge of the court:

1, "Gentlemen of the jury, this is an action instituted by the plaintiffs against the defendant to recover damages to them in consequence of the death of William Openshaw, alleged to have resulted and to have been caused by the negligence of the defendant, and the Court charges you that if you find from the evidence that the death of Openshaw was caused while in the exercise of reasonable care on his part, by the negligence of the defendant corporation, either."

*First,* in failing to provide a suitable car on which to load and carry the lumber or timbers, or,

"*Second,* in failing to load or cause such lumber or timbers to be loaded on the car so that the same would not be caused to fall therefrom by the jarring of said train or car when in motion, or,

"*Third,* in failing to provide and maintain a track or roadbed sufficiently smooth or regular to enable a car properly loaded with lumber or timbers to run over the same without said lumber or timbers being thrown therefrom, or in failing in any or all of these matters, then your verdict should be in favor of the plaintiffs."

2. "You are further charged that the conductor of a railway train, who commands its movements, directs when it shall start, at what stations it shall stop, and has the general management of it and control over the persons employed upon it, represents the company, and for injuries to, or the death of one of these employees, from the negligent acts of such conductor, the company is responsible. If, therefore, the jury find from the evidence that the death of William Openshaw was caused by the negligence of James Hunter, while performing his duty, or in charge of the railway train as conductor, your verdict should be in favor of the plaintiff unless it appears from the evidence that the said William Openshaw was also guilty of negligence contributing to cause his death."

3. "You are further charged that unless the evidence of the plaintiffs tends to show that the deceased was guilty of contributory negligence, then the burden of showing

that his negligence contributed to his death is on the defendant."

4.  "It was the duty of the company to have some one to look after the condition of the cars and the manner in which they were loaded before the train started out, and if, for want of such one, or from the negligence or carelessness of the one who performed that duty, lumber was so negligently loaded as to be unsafe, and the injury was caused by such negligent loading, without the fault of the deceased, then the company is liable."

5.  "You are further charged that if you find for the plaintiffs, you will find such damages, as under the circumstances of the case in evidence may be just, taking into consideration, among other things, the probable earnings of the deceased, his age, health, business capacity, habits and experience, also the value of his services in the superintendence, attention to and care of his family, and education of his child."

"But in making up your verdict you should not take into consideration, gentlemen of the jury, the distress of mind caused to the plaintiffs or either of them by the death of the deceased, nor should you take into consideration the mere loss of his company or the mere loss of association with him.  Nor should you take into consideration any suffering that the injury causing the death of the deceased, caused to him."

6.  "You are the judges, gentlemen of the jury, of the credibility of the witnesses who have testified before you, and in weighing their evidence you have a right to take into consideration their deportment on the witness stand, and the fact that their statements are reasonable or unreasonable, so far as it appears from the evidence, and any motive or motives any one of them may have to speak truly or falsely, so far as that motive appears from the evidence, and any circumstance, in your judgment, in evidence, which affects their credibility.  In weighing the evidence you should consider it all together, giving to the testimony of each witness, and each part of the testimony, such weight as you think it is entitled to, considering it candidly and fairly."

The jury found a verdict of five thousand dollars for the plaintiff.

The following is suggested, but with hesitation in the absence of the opinion, as the *syllabus* of the decision by the Court, at any rate as impliedly contained therein.

MASTER AND SERVANT.—NEGLIGENCE.—FELLOW-SERVANT.—The conductor of a railway train is not a fellow-servant with a brakeman upon the train.

ID.—ID.—LIABILITY OF PRINCIPAL.—Where the evidence showed that a conductor and brakeman together loaded a car with timber and then started out with the car, and that from the negligent loading of the timber, it fell from the car and killed the brakeman, *held* that the question of negligence of the conductor, and hence of the company, and contributory negligence of the brakeman was properly left to the jury.

ID.—ID.—RULES OF MASTER.—EXEMPTION FROM LIABILITY.—A railroad cannot, by promulgating rules, exempt itself from liability to its own employees for consequences resulting from its own negligence.

ID.—ID.—PERSONAL INJURY.—MEASURE OF DAMAGES.—An instruction stating that in assessing the damages, the jury should take into consideration the probable earnings, the age, health, business capacity, habits and experience, also the value of his services in care of his family and education of his child, one of the plaintiffs, but should not take into consideration the distress of mind · of the plaintiffs or either of them, caused by the death of deceased, or any personal suffering of the deceased; *held* to correctly state the law as to measure of damages (1).

Appeal from a judgment of the district court of the third district and from an order refusing a new trial.

*Mr. Parley L. Williams*, for the appellant.

In the case at bar, the conductor, Hunter, and the brakeman Openshaw, while in the station, took the risk of any negligence of the other; now, this loading being done in the station, if it were negligent, and an injury resulted therefrom, would not alter the appellant's liability, because one of them was a vice–principal when the accident afterwards occurred.    See *Randall* v. *B. & O. R. R. Co.*, 109 U. S. 448; *Warner* v. *Erie Ry. Co.*, 39

(1.) See *Webb* v. *D. & R. G. W. Ry. Co.*

N. Y., 470; *Wharton on Neg.*, § 229; *Wood's Mas. &
Ser.*, § 437; *Cooley on Torts*, 542–5; *Holdew* v. *Fitchburg
R. R. Co.*, (129 Mass., 268,) 2 A. & E. Ry. Cas. 94 and
note; *Flike* v. *Boston & Al. R. R. Co.*, 53 N. Y., 549: *C. &
N. W. R. R. Co.* v. *Moranda*, 93 Ill., 303, 34 A. R., 168.

The weight of authority is in favor of Rule 17.   11 *A.
& E. Ry.*, Cas., 273–6; 58 *Am. Rep.*, 836–8.

*Messrs. Sheeks & Rawlins*, for the defendant.

Cited: *Railway Co.* v. *Ross*, 112 U. S., 377; *Railroad
Co.* v. *Stearns*, 20 Ohio, 416; *Railroad Co.* v. *Keany*, 3
Ohio St., 201; *Bena Stone Co.* v. *Kraft*, 31 Ohio St., 287;
*Madden's. adm'r* v. *Railway Co.*, 57 Am. Rep., 695;
*Cowles* v. *Railway Co.*, 37 Am. Rep., 620; *Moon's adm'r*
v. *Railway Co.*, 49 Am. Rep., 401; *Railway Co.*, v. *Span-
gle*, 58 Am. Rep., 833; *Hough* v. *Railway Co.*, 100 U. S.

The judgment of the lower court was affirmed.